**STATE of Tennessee, Appellant,**

v.

**James Larry POLK, Appellee.**

Supreme Court of Tennessee,
at Nashville.

Dec. 21, 1992.

Charles W. Burson, Atty. Gen. and Reporter, Debra K. Inglis, Merrilyn Feirman, Joel Perry, Asst. Attys. Gen., Tom Thurman, Asst. Dist. Atty. Gen., Nashville, for appellant.

Jeffrey A. DeVasher, Gary Mason Jones, Asst. Public Defenders, Nashville, for appellee.

OPINION

DAUGHTREY, Justice.

We granted permission to appeal in this case in order to review a sentencing issue that resulted in a split decision in the Court of Criminal Appeals. The issue is a narrow one, caused by the enactment of the Tennessee Criminal Sentencing Reform Act of 1989, which took effect on November 1, 1989, while the defendant's case was on appeal from the trial court's judgment of conviction and the original sentencing order. At various times during the four-year period since he was tried, the defendant has been sentenced under the Tennessee Criminal Sentencing Reform Act of 1982, the 1989 sentencing act, and a combination of the two. Although the question is a close one, as evidenced by the intermediate court's failure to agree and the trial court's attempt to straddle the fence by sentencing the defendant under both acts, we conclude that the defendant should have been sentenced solely under the provisions of the 1982 act.

Defendant James L. Polk was tried and found guilty of one count of armed robbery and two counts of assault with intent to commit first degree murder on September

30, 1988. The trial court imposed concurrent Range I sentences under the 1982 sentencing act, resulting in an effective sentence of 25 years imprisonment. Polk appealed on several grounds related to his convictions, and the state cross-appealed on two questions involving sentencing: the trial court's failure to impose consecutive sentences and the court's failure to impose Range II sentences.

On November 22, 1989, the Court of Criminal Appeals affirmed all three of Polk's convictions, but held that on two of the three counts, he should have been adjudged to be an especially aggravated offender and sentenced under Range II, rather than Range I. The trial court's ruling on concurrent sentencing was left undisturbed, as an appropriate exercise of discretion. No permission to appeal to this Court was sought by either side, and the case went back to the trial court on remand.

On January 12, 1990, the trial judge entered an order finding that Polk was subject to Range II sentencing, under the 1982 sentencing act, but imposing concurrent sentences of 20 and 25 years under the Range II scheme in the 1989 act. The trial judge reasoned that the Court of Criminal Appeals must have meant to require Range II sentencing under the 1982 act, because the intermediate court determined that two of the offenses had resulted in "serious bodily injury" under T.C.A. § 40–35–107(2, 7) (1988 Supp.) and, therefore, characterized Polk as an especially aggravated offender, a category which is not subject to Range II sentencing under the 1989 act. Indeed, as the trial judge noted, the record fails to establish facts that would subject the defendant to Range II sentencing under the later sentencing act, which limits Range II sentencing to defendants found to be multiple offenders. T.C.A. § 40–35–106(c) (1990).

At the same time, the trial judge was persuaded by defense counsel's argument that pursuant to T.C.A. § 40–35–117(b) (1989 Supp.), Polk was entitled to receive the lesser penalty as between the 1982 and 1989 acts.[1] He therefore imposed sentences under the 1989 act that are significantly lower than those provided under the 1982 act.[2]

Following entry of the trial court's judgment, both sides appealed to the Court of Criminal Appeals. The state argued that sentencing should have been carried out solely under the 1982 act, for two reasons: (1) the prior Court of Criminal Appeals opinion implicitly required sentencing under the 1982 act, despite the fact that the opinion was released three weeks after the 1989 act took effect, and the trial court was thus bound by the "law of the case," and (2) the remand to the trial court was ordered merely for modification of the sentence and not for "new sentencing." The defense, on the other hand, argued that sentencing should have been carried out solely under the 1989 act, because of the effect of T.C.A. § 40–35–117(b). The defense also emphasized the fact that the 1989 order of remand was by its own terms designated for "resentencing" and not merely for "modification."

The Court of Criminal Appeals held that the trial court improperly "mixed" application of the two sentencing acts, because the "bodily injury" factor relevant to Range II sentencing under the 1982 act was not a part of the 1989 act. The intermediate court further held that the latter act was fully applicable in this case, relying on its own unpublished opinion in an earlier ap-

---

**1.** That subsection provides that "[u]nless prohibited by the United States or Tennessee Constitutions, any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982, and November 1, 1989, shall be sentenced under the provisions of this chapter."

**2.** The Range II sentence for armed robbery is from 35 to 60 years under the 1982 act, and 12 to 20 years under the 1989 act. Compare T.C.A. § 39–2–501(a) (1982) with T.C.A. § 39–13–402 (1990), governing aggravated robbery. Likewise, the Range II sentence for assault with intent to commit first-degree murder is from 15 to 25 years under the 1982 Act, but only six to 10 years under the 1989 act. Compare T.C.A. § 39–2–103(a) (1982) with T.C.A. § 39–13–102(a) (1990), governing aggravated assault.

peal,[3] interpreting the effect of T.C.A. § 40–35–117(b) on cases in which successive sentencing hearings were held before and after November 1, 1989.

We agree with the state that the facts in this case are distinguishable from the situation that T.C.A. § 40–35–117(b) was meant to address. Here, sentence was imposed under the 1982 act and then became subject to partial modification by order of the Court of Criminal Appeals. On remand, no further evidence was necessary, nor was it adduced. Indeed, the trial judge could have complied with the mandate of the appellate court merely by entering an order of modification. Instead, the trial court permitted the attorneys to present arguments. But, rather than addressing the designated subject of the remand, i.e., the appropriate sentences on two of the three counts under Range II of the 1982 act, defense counsel succeeded in convincing the trial judge to sentence his client under the 1989 act.

We further agree with the state, and with the dissenting judge on the Court of Criminal Appeals, that this case involves only a partial modification of the original sentence and, as such, constitutes a continuation of the original procedure subject to the 1982 act. Doubtless, the legislature had this sort of situation in mind when it enacted the following provision of the 1989 act, which was not codified because of its temporary effect:

> This act shall not affect rights and duties that matured, penalties that were incurred, or *proceedings that were begun before its effective date.*

Public Acts 1989, Ch. 591, § 115 (emphasis added).

From the fact that only part of the defendant's sentence was subject to modification, as well as the fact that the original remand called for that modification to proceed under the 1982 act, it should have been apparent that entry of the trial court's order on remand was merely a continuation of the original sentencing process. Hence, we hold that the provisions of the 1982 act, and only those provisions, are applicable to determining the defendant's sentence in this case. If the entire sentence had been set aside due to a substantive or procedural flaw in the original sentencing hearing or to lack of jurisdiction, and if the case then been remanded for an entirely new penalty hearing, a different result might well follow. On the facts before us, however, we find no justification for the procedure invoked by the trial court or the result reached by the Court of Criminal Appeals.

We therefore reverse the judgment of the intermediate court and remand the case to the trial court for resentencing on the two counts at issue, pursuant to the relevant provisions of the Criminal Sentencing Reform Act of 1982.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

---

**3.** In that case, the Court of Criminal Appeals had set aside in its entirety a sentence imposed against a convicted defendant under the 1982 Act and remanded the case for a new sentencing hearing, which was held after the effective date of the 1989 ct. The intermediate court later affirmed the trial court's decision to impose sentence under the 1989 Act.